UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM MITCHELL,

Petitioner,

v.

BACA, et al.,

Respondents.

Case No. 3:16-cv-00384-LRH-WGC

ORDER

Before the court is respondents' motion to dismiss certain grounds in petitioner William Mitchell's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9). Mitchell opposed (ECF No. 24), and respondents replied (ECF No. 25).

Preliminarily, the court considers Mitchell's request to file an amended petition. Two months after he filed his opposition to the motion to dismiss, Mitchell filed a motion for leave to file an amended petition (ECF No. 28) and attached a proposed amended petition (ECF No. 28-1). Respondents opposed (ECF No. 29), and Mitchell replied (ECF No. 30). In Mitchell's proposed first-amended petition, he raises verbatim the two grounds in his original federal petition (*see* ECF No. 28-1). He purports to add a third ground. However, proposed ground 3 is a claim that his state postconviction counsel rendered ineffective assistance. Id. at 11-12. As will be discussed below, this claim is not cognizable in federal habeas corpus. Accordingly, Mitchell's motion for leave to file an amended petition is denied.

The court next considers respondents' motion to dismiss.

///

1

## I. Procedural History and Background

On April 27, 2011, Mitchell pleaded guilty to: count 1 – conspiracy to obtain money under false pretenses; count 2 – obtaining money under false pretenses, victim 60 years of age or older; count 3 – first-degree kidnapping; and count 4 – robbery, victim 60 years of age or older (exhibit 13).[1] The state district court sentenced Mitchell as follows -- count 1: 12 months; count 2: 8 to 20 years; count 3: five years to life, with a consecutive term of 12 to 60 months for the age enhancement; and count 4: 48 to 120 months, with a consecutive 19 to 48 months for the age enhancement; count 3 to run consecutively to count 2 and count 4 to run concurrently with counts 2 and 3, with 945 days' credit for time served. Exh. 21. Judgment of conviction was filed on September 22, 2011. Exh. 32. Mitchell did not file an appeal.

On August 6, 2012, Mitchell filed a proper person state habeas petition. Exh. 29. The state district court appointed counsel, and a counseled brief was filed in support of the petition. Exh. 59. Following an evidentiary hearing, the state district court denied the petition. Exhs. 75, 80. Ultimately, the Nevada Court of Appeals affirmed the denial of Mitchell's petition on April 20, 2016. Exh. 111. Remittitur issued on May 16, 2016. Exh. 112. Mitchell dispatched his federal petition for mailing on June 21, 2016 (ECF No. 4, p. 1).

Respondents now move to dismiss parts of ground one on the basis that the claims are unexhausted and move to dismiss ground two as noncognizable in federal habeas corpus (ECF No. 9).

## II. Legal Standards & Analysis

**Ground 1**

Respondents argue that parts of ground 1 are unexhausted. State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-16.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the

3

right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

In ground 1, Mitchell argues that his plea counsel rendered ineffective assistance in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and the effective assistance of counsel (ECF No. 4, pp. 4-5). Mitchell states that he told his counsel that, due to psychiatric medications that the Clark County Detention Center (CCDC) staff was administering to him and his fear for his safety because he was repeatedly attacked while at CCDC, he was unable to make complex decisions and to knowingly enter into the guilty plea agreement (ECF No. 4, pp. 4-5). He also contends that counsel was ineffective for a) lying about grand jury testimony; b) misrepresenting the plea agreement; c) coercing Mitchell to plead guilty; d) failing to obtain a competency hearing; and e) failing to file a direct appeal. *Id.*

Respondents point out that the only part of federal ground 1 that Mitchell presented on appeal of the denial of his state postconviction petition is that his plea counsel rendered ineffective assistance of counsel because he knew that Mitchell was under the influence of medication at the time and did not knowingly and voluntarily enter

his guilty plea (ECF No. 9, p. 4; exh. 104, pp. 10-15). That claim can essentially be viewed as ground 1(d). The other claims raised in federal ground 1 are unexhausted.

**Ground 2**

Mitchell argues that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of counsel were violated because his state postconviction counsel rendered ineffective assistance when he failed to pursue the issues that Mitchell directed him to raise (ECF No. 4, pp. 7-9). However, while ineffective assistance of postconviction counsel may be a basis to overcome the procedural bar of an underlying claim, it has not been recognized as a freestanding ground for federal habeas relief. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1319-1320 (2012) U.S.C.A. Const.Amend.VI. Accordingly, ground 2 is dismissed for failure to state a claim for which federal habeas relief may be granted.

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that the following portion of ground 1 is exhausted: the claim that plea counsel rendered ineffective assistance of counsel because he knew that Mitchell was under the influence of medication at the time and did not knowingly and voluntarily enter his guilty plea grounds. The other claims in ground 1 are unexhausted. Ground 2 is dismissed for failure to state a claim for which federal habeas relief may be granted. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

    1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

///

5

    2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

    3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

Finally, respondents ask the court to waive, for purposes of this action, the provision in Local Rule IA 10-3(e) that requires the cover page of each filed exhibit to include a description of the exhibit. *See* LR IA 10-3(e); *see also* LR IA 10-3(i). Respondents point out that Local Rule IA 1-4 provides that the court may waive any provision of the local rules, *sua sponte* or on a motion, if the interests of justice so require. *See* LR IA 1-4. Respondents state that adding descriptors to the cover pages of exhibits, which in this case now total 112, is unduly burdensome (ECF No. 17). Respondents state that they will still provide indexes of exhibits and exhibit cover sheets referencing each exhibit by number. *Id.*

In light of the number of exhibits in this habeas corpus action, the court finds that there is good cause for the requested waiver, and will grant the waiver for all parties.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file an amended petition (ECF No. 28) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED** as follows:

The following portion of ground 1 is exhausted: the claim that plea counsel rendered ineffective assistance of counsel because he knew that Mitchell was under the influence of medication at the time and did not knowingly and voluntarily enter his guilty plea.

The remaining claims in ground 1 are **UNEXHAUSTED**.

Ground 2 is **DISMISSED** for failure to state a claim for which habeas relief may be granted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to

state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS THEREFORE ORDERED** that respondents' motion to partially waive Local Rule IA 10-3(e) and 10-3(i) (ECF No. 17) is **GRANTED**.

IT IS SO ORDERED.

DATED this 16th day of August, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8