UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM MITCHELL,

Petitioner,

v.

BACA, et al.,

Respondents.

Case No. 3:16-cv-00384-LRH-WGC

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on petitioner William Mitchell's motion for reconsideration of this court's order granting respondents' motion to dismiss in part and denying leave to amend the petition (ECF No. 40). Respondents opposed (ECF No. 43).

On August 16, 2017, this court granted respondents' motion to dismiss in part, concluding that several portions of ground 1 were unexhausted and dismissing ground 2 for failure to state a claim for which federal habeas relief may be granted (ECF No. 32). In that order, the court also denied Mitchell leave to file an amended petition. He had sought leave to amend to add a third ground asserting a claim of ineffective assistance of state postconviction counsel. The court denied leave to amend as futile because such a claim is noncognizable in federal habeas corpus.

On September 28, 2017, Mitchell filed a motion for reconsideration of that order (ECF No. 40). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant

1

to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

Mitchell argues that this court misunderstood the claim that he sought to add to his petition (ECF No. 40).  He is incorrect; he sought to add a claim that his state postconviction counsel was ineffective for failing to raise the issue that his trial counsel "suborned perjury" (*see* ECF No. 28-1, pp. 11-12).  As the court explained, a claim of

ineffective assistance of state postconviction counsel is not cognizable in federal habeas corpus. Mitchell now argues that he intended to also add a claim that trial counsel suborned perjury. The basis of this claim is Mitchell's allegation that trial counsel knew Mitchell was under the influence of medication and incapable of knowingly, intelligently and voluntarily entering into the guilty plea agreement, but trial counsel allowed Mitchell to indicate to the court that he was proceeding knowingly, intelligently and voluntarily. The gravamen of this claim is that trial counsel was ineffective because he knew that Mitchell was under the influence of medication at the time and did not knowingly and voluntarily enter his guilty plea. This claim is already before the court as ground 1(d) and shall be considered on the merits (see ECF No. 32, pp. 4-5).

Accordingly, Mitchell has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying him leave to amend his petition and granting the motion to dismiss some grounds should be reversed.

The court shall grant petitioner an additional thirty (30) days to comply with this court's earlier order by (1) informing this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) informing this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) filing a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. *Id.*

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for order to conduct inquiry into subornation of perjury (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's first and second motions for extension of time to respond to this court's order dated August 16, 2017 (ECF Nos. 42,

45) are both **GRANTED**.  Petitioner shall file his response within **thirty (30) days** of the date of this order.

DATED this 15th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE