UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM MITCHELL,<br><br>　　　　　Petitioner,<br>　v.<br>BACA, et al.,<br><br>　　　　　Respondents. | Case No. 3:16-cv-00384-LRH-WGC<br><br>ORDER |

On August 16, 2017, this court granted respondents' motion to dismiss certain grounds in petitioner William Mitchell's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus (ECF No. 32). The court directed Mitchell to file a declaration within thirty days indicating that he either wished to abandon his unexhausted claims, or that this petition be dismissed without prejudice, or that he would seek a stay of these proceedings. *Id.*

Mitchell filed a motion for reconsideration of this court's order (ECF No. 40), which this court denied (ECF No. 46). Now before the court are Mitchell's two motions for reconsideration of this court's order denying reconsideration (ECF Nos. 55, 61). Mitchell has also filed a second motion for leave to file an amended petition (ECF No. 51) and a third motion for appointment of counsel (ECF No. 48).

In short, none of these motions is well taken. Mitchell seeks to add factual allegations regarding the unexhausted portions of ground 1 (*see* ECF No. 51-1). However, the proposed additional factual allegations have no bearing on the fact that Mitchell did not present these claims on appeal of the denial of his state postconviction petition. Again, the court notes that what it has construed as ground 1(d) (the claim that

1

plea counsel rendered ineffective assistance of counsel because he knew that Mitchell was under the influence of psychiatric medication at the time and did not knowingly and voluntarily enter his guilty plea) will be considered by this court on the merits if Mitchell chooses to proceed with this petition (*see* ECF No. 32). Mitchell seeks to frame this claim as fraud upon the court or suborning perjury, arguing that his counsel falsely advised the court and let Mitchell falsely state to the court that Mitchell knowingly and voluntarily entered his guilty plea. However, the gravamen of the claim remains the same. Mitchell has already clearly set forth this claim, and he presents no new, compelling bases that the court should appoint counsel or that he should be given leave to file an amended petition. These pending motions are all denied.

The court now grants petitioner an additional thirty (30) days to comply with this court's earlier order by (1) informing this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) informing this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) filing a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. *Id.* The court is highly unlikely to grant any additional extensions, absent extraordinary circumstances.

**IT IS THEREFORE ORDERED** that the following motions filed by petitioner: motion for appointment of counsel (ECF No. 48); motion for evidentiary hearing (ECF No. 50); motion for leave to file a second-amended petition (ECF No. 51); and two motions for reconsideration (ECF Nos. 55 and 61) are all **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is expressly advised that failure to comply with this order as set forth above will result in the dismissal of this petition.

DATED this 17th day of April, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE