UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM MITCHELL,<br><br>                            Petitioner,<br>    v.<br>BACA, et al.,<br><br>                            Respondents. | Case No. 3:16-cv-00384-LRH-WGC<br><br>ORDER |

On August 16, 2017, this court granted respondents' motion to dismiss certain grounds in petitioner William Mitchell's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus as unexhausted (ECF No. 32). The court directed Mitchell to file a declaration within thirty days indicating that he either wished to abandon his unexhausted claims, or that this petition be dismissed without prejudice, or that he would seek a stay of these proceedings. *Id.*

Instead, Mitchell filed numerous motions for reconsideration, for evidentiary hearing, and for leave to file an amended petition:
- motion for reconsideration of this court's order (ECF No. 40), which this court denied (ECF No. 46);

- second motion for leave to file an amended petition (ECF No. 51), which this court denied (ECF No. 63);

- third motion for appointment of counsel (ECF No. 48), which this court denied (ECF No. 63).

- motion for evidentiary hearing (ECF No. 50), which this court denied (ECF No. 63);

1

- motions for reconsideration of this court's order denying reconsideration (ECF Nos. 55, 61), which this court denied (ECF No. 63).

In an April 17, 2018 order, this court denied most of the motions listed above (ECF No. 63). With respect to ground 1(d) (plea counsel was ineffective because he knew Mitchell was on psychiatric medication at the time and did not knowingly and voluntarily enter his guilty plea), the court explained, again, at length that

> Mitchell seeks to frame this claim as fraud upon the court or suborning perjury, arguing that his counsel falsely advised the court and let Mitchell falsely state to the court that Mitchell knowingly and voluntarily entered his guilty plea. However, the gravamen of the claim remains the same. Mitchell has already clearly set forth this claim, and he presents no new, compelling bases that the court should appoint counsel or that he should be given leave to file an amended petition

(ECF No. 63, p. 2). The court then directed petitioner to file a declaration within thirty days indicating that he either wished to abandon his unexhausted claims, or that this petition be dismissed without prejudice, or that he would seek a stay of these proceedings. The court stated: "petitioner is expressly advised that failure to comply with this order as set forth above will result in the dismissal of this petition." *Id*.

Instead, Mitchell filed another motion for reconsideration (ECF No. 64), followed by a motion for clarification (ECF No. 70), and a motion for order granting petitioner's supplement to motion for reconsideration (ECF No. 71). He insists on repeating, in motion after motion, his arguments about a "fraud upon the court" claim. More than a year has passed, and Mitchell has failed to comply with this court's order to state what he wishes to do regarding his unexhausted claims. Accordingly, this petition is dismissed.

**IT IS THEREFORE ORDERED** that the following motions filed by petitioner: motion for reconsideration (ECF No. 64); motion for clarification (ECF No. 70); motion for order granting petitioner's supplement to motion for reconsideration (ECF No. 71); and motion to strike (ECF No. 73) are all **DENIED**.

///

**IT IS FURTHER ORDERED** that this petition is **DISMISSED** with prejudice for failure to comply with this court's order.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 2nd day of November, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE